Eugene **KUZINSKI**, Marc Campano, Jerry Harris, and Shawn Jones, on behalf of themselves and others similarly situated, Plaintiff–Appellees,

v.

**SCHERING CORPORATION,**
Defendant–Appellant.

No. 09–1945–cv.

United States Court of Appeals, Second Circuit.

July 6, 2010.

See also 614 F.Supp.2d 247.

Dan Himmelfarb, Washington, D.C. (Robert P. Davis, Brian D. Netter, Mayer Brown, Washington, D.C.; Diana L. Hoover, Mayer Brown, Houston, TX, on the briefs), for Appellant.

Matthew D. Brinckerhoff, Emery Celli Brinckerhoff & Abady, New York, N.Y. (Michael R. DiChiara, Charles Joseph, Joseph & Herzfeld, New York, NY; David A. Slossberg, Andrew W. Skolnick, Hurwitz, Sagarin, Slossberg & Knuff, Milford, CT, on the brief), for Appellees.

PRESENT: AMALYA L. KEARSE, PETER W. HALL, Circuit Judges, and JED S. RAKOFF, District Judge *.

### *SUMMARY ORDER*

Defendant Schering Corporation ("Schering") appeals pursuant to 28 U.S.C. § 1292(b) from an order of the United States District Court for the District of Connecticut, Janet Bond Arterton, *Judge*, which denied its motion for summary judgment dismissing the claims of plaintiffs, pharmaceutical sales representatives ("Reps") formerly employed by Schering, for overtime pay under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* Schering moved for summary judgment, arguing that Reps fall within the FLSA's exemption for "outside salesm[e]n," 29 U.S.C. § 213(a)(1). In a ruling dated March 30, 2009 and reported at 604 F.Supp.2d 385, the district court denied Schering's motion, concluding that, because the Reps undisputedly do not sell or make sales as those terms are defined in the FLSA and the regulations promulgated thereunder by the Secretary of Labor, the Reps fall outside the FLSA's outside sales employee exemption. In an order dated April 17, 2009, the district court certified its order denying summary judgment as worthy of an immediate appeal pursuant to § 1292(b). Schering petitioned this Court, as required by that section, for leave to appeal; we granted the petition and heard Schering's appeal in tandem with the appeal in *In re Novartis Wage and Hour Litigation*, 611 F.3d 141. We assume the parties' familiarity

---

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

with the remaining facts and procedural history of the case.

On appeal, Schering contends that the district court erred as a matter of law in determining that the Reps were not exempt outside salesmen. We disagree. The burden of proving that employees fall within an exemption from the FLSA overtime pay requirements is on the employer. *See, e.g., Bilyou v. Dutchess Beer Distributors, Inc.,* 300 F.3d 217, 222 (2d Cir.2002). Reviewing the matter *de novo,* and taking the record in the light most favorable to the plaintiffs, *see, e.g., Dillon v. Morano,* 497 F.3d 247, 251 (2d Cir.2007), we conclude, for the reasons stated in the district court's well-reasoned ruling, *see* 604 F.Supp.2d at 395–403, that Schering did not meet its burden. Accordingly, we affirm the order denying summary judgment for the reasons stated in the district court's ruling and for the reasons stated in our opinion in *In re Novartis Wage & Hour Litigation,* 611 F.3d 141 (2d Cir. 2010), also issued today.

We have considered all of Schering's contentions on this appeal and have found them to be without merit. The order of the district court denying Schering's motion for summary judgment is affirmed, and the matter is remanded for further proceedings not inconsistent with this order.